# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00453-CV

**D. C., Appellant**

**v.**

**Texas Department of Family and Protective Services and Melvin McClay, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
### NO. 2010-1006, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

D.C. challenges the Final Order in Suit Affecting the Parent-Child Relationship that established her as the possessory conservator of K.C. By two issues on appeal, D.C. complains that the district court erred in holding that she was physically and mentally abusive to her child and that the district court erred by violating her rights under the fourth and fourteenth amendments. Under the latter issue, she complains about an investigative interview of K.C. that occurred on private property without prior consent, a warrant, probable cause, or exigent circumstances. D.C. contends that the interview constituted an unreasonable search and seizure.

The Texas Department of Family and Protective Services requests that we dismiss this appeal as moot because K.C. is no longer a child. If a controversy ceases to exist, the case becomes moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a case becomes moot, the parties lose standing to maintain their claims. D.C. complains on appeal that K.C. was removed

from her custody.[1]  The possession and access orders expressly "apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated."  It is undisputed that K.C. was born on November 3, 1993.  She is now undisputedly over eighteen years old.  Indeed, D.C. states in her reply brief that "[t]he minor of this action [] is now an adult."  Because K.C. is an adult, the possession and access order has expired by its own terms.  Because the order no longer has any effect, there is no live controversy and this the appeal is moot.

To the extent that there might be any potential continuing or collateral effect from the existence of this order, we will briefly discuss the merits of the issues D.C. raises on appeal.

D.C. complains that the trial court erred by holding that she was physically and mentally abusive to her child.  She does not cite to any portion of the record where such a finding by the trial court was made.  In order to gain reversal of the trial court's judgment for a particular error, the record must show that the appellant first complained of that error to the trial court by a timely request, objection or motion stating the grounds for the requested ruling sufficiently specifically to make the trial court aware of the request.  *See* Tex. R. App. P. 33.1(a)(1).  The record must also show that the trial court ruled on the request, expressly or implicitly, or that the trial court refused to rule on the request and the complaining party objected to that refusal.  *See* Tex. R. App. P. 33.1(a)(2).  No judgment may be reversed on appeal because the trial court made an error of law unless the court of appeals concludes that the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals.  *See* Tex. R. App. P. 44.1(a).  We have reviewed the clerk's record and see no finding that

---

[1] D.C. does not complain on appeal about the imposition of a child-support obligation.  The Department asserted in its brief that D.C. was not complaining about the child-support obligation, and D.C. did not rebut that assertion in her reply brief.

2

D.C. abused her child. We cannot review the reporter's record because D.C. did not have one prepared. We cannot conclude that the trial court erred by making a finding unless we have a record of the finding being made.

D.C. further contends that the trial court erred by violating her rights under the fourth and fourteenth amendments. She complains that her child was questioned without consent, a warrant, probable cause, or exigent circumstances and that any statements the child made to agencies, a therapist, or child protective services are inadmissible hearsay. She elsewhere complains of a child being questioned by the court in chambers without cross-examination. D.C. complains of interviews and the admission of hearsay, neither of which is apparent from the clerk's record presented. The record does not show what evidence was offered, whether D.C. objected to its admission, or whether the court ruled on the objection. Without a reporter's record, we cannot assess what effect, if any, the complained-of evidence had on the judgment. D.C. has not shown that she preserved review of any error, that any error was committed, or that any error probably caused the rendition of an improper judgment prevented her from properly presenting her case to us.

Because K.C. is no longer a child, we dismiss this appeal as moot. To the extent that the appeal is not moot, we find no error presented that merits reversal of the judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed as Moot

Filed: April 19, 2012

3